UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERARDO DOCENA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION, a Virginia Corporation,<br><br>Defendant. | 3:15-CV-00184-LRH-WGC<br><br><br>ORDER |

Before the Court is Defendant Navy Federal Credit Union's ("Navy Federal") Motion to Dismiss Plaintiff Gerardo Docena's ("Docena") First Amended Complaint ("FAC"). Doc. #12.[1] This motion also contains a request for judicial notice. Doc. #12. Docena filed an Opposition (Doc. #16), to which Navy Federal replied (Doc. #17).

**I. Factual Background**

This case involves claims of breach of contract and violations of the Nevada Deceptive Trade Practices Act ("DTPA") arising from Navy Federal's sale of a payment protection plan. Navy Federal is a credit union whose members consist of military personnel, Department of Defense personnel, and their families. Navy Federal offers a Payment Protection Plan, which is a voluntary add-on to credit card and consumer loan agreements. Through the Payment Protection Plan, Navy Federal promises to cancel a portion of a subscriber's loan upon the

---
[1] Refers to the Court's docket number.

1

occurrence of certain specific conditions in exchange for a monthly fee based on their loan balance. These specific conditions are death, disability, and involuntary unemployment, and payment is subject to restrictions spelled out in the Payment Protection Plan Agreement and Disclosure ("Agreement").

Docena is a former military contractor with a credit card issued to him by Navy Federal. He has been enrolled in the Payment Protection Plan since August 11, 2008, with individual coverage for loss of life, disability, and involuntary unemployment. Until August 15, 2014, Docena was employed as a military contractor. Beginning on that date, he was unable to work because he was seeking, but had not received, a security clearance. He was then laid off in late October 2014. Docena submitted a claim to Navy Federal for benefits under his Payment Protection Plan, but was denied because he had not been actively working 25 hours or more per week immediately preceding the date he became unemployed, which the contract stated was one of the requirements to obtain benefits.

On March 27, 2015, Docena filed a class action Complaint against Navy Federal alleging breach of contract and violations of Nevada's DTPA. Doc. #1. On June 30, 2015, Navy Federal filed its Motion to Dismiss. Doc. #12. Docena filed a timely Opposition on July 24, 2015. Doc. #16. Navy Federal filed a Reply on August 18, 2015. Doc. #17. On December 22, 2015, oral argument on the motion to dismiss was conducted before the Court. Doc. #31.

**II. Legal Standard**

Navy Federal seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's "judicial experience and common sense," that the defendant is liable for the misconduct alleged. *See id.* at 678-79. The plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* The "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

Furthermore, a court may take judicial notice of "records and reports of administrative bodies." *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953. This includes items like notices and opinion letters issued by the administrative agencies. *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d 956, 965 (C.D.Cal.2005) (internal quotation marks omitted) (taking judicial notice of the February 26, 2004, opinion letter issued by the California DOI). Under the Federal Rules of Evidence, "[a] judicially noticed fact must

be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed.R.Evid. 201(d).

**III. Discussion**

    **A.  Docena's Breach of Contract Claim**

Navy Federal argues that Docena's breach of contract claim fails as a matter of law because he cannot show a specific provision of the Payment Protection Plan was breached and there has been no violation of the implied covenant of good faith and fair dealing. Docena responds that Navy Federal breached the implied covenant of good faith and fair dealing through acts of dishonesty.

Docena and Navy Federal agree that the breach of contract claim is governed by Virginia law. Under Virginia law, the elements of a breach of contract action "are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805, 807 (1996); *Fried v. Smith*, 244 Va. 355, 358, 421 S.E.2d 437, 439 (1992); *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 546, 379 S.E.2d 316, 317 (1989). Docena does not show that Navy Federal violated any of its specific obligations as outlined in the Agreement, and Docena cannot show such a violation because he contends that Navy Federal did not violate its specific obligations but obfuscated them. Thus, Docena has no claim for an express breach of contract.

    **B.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

The Fourth Circuit has held that contracts governed by Virginia law contain an implied covenant of good faith and fair dealing. See *Va. Vermiculite. Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 541–42 (4th Cir.1988). In Virginia, the elements of a claim for breach of an implied covenant of good faith and fair dealing are (1) a contractual relationship between the parties, and (2) a breach of the implied covenant. *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443,

450 (E.D. Va. 2009) (citing *Charles E. Brauer Co*., 251 Va. at 35, 466 S.E.2d at 386). However, "no implied duty arises with respect to activity governed by express contractual terms." *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F.Supp.2d 610, 620 (E.D.Va.2009) (citing *Ward's Equip., Inc. v. New Holland N. Am*., 493 S.E.2d 516, 520 (Va.1997)). Thus, the covenant of good faith and fair dealing does not preclude a party from exercising valid contractual rights, "as long as that party does not exercise those rights in bad faith." *Wolf v. Fed. Nat. Mortg. Ass'n*, 512 Fed.App'x. 336, 345 (4th Cir. 2013). The duty can also be breached if the purported exercise of a contractual right is dishonest, as opposed to merely arbitrary. *See Enomoto*, 624 F.Supp.2d at 450 (holding that the "claim [was] properly pled because ... Plaintiff alleges that Defendant's actions were not merely unfavorable, but dishonest"); *Charles E. Brauer Co*., 251 Va. at 35, 466 S.E.2d at 386 (holding that the implied duty of good faith was not breached when, "arguably, the bank's conduct was arbitrary, but it was not dishonest.").

It is clear that the implied covenant of good faith and fair dealing is found in this contract under Virginia law. Docena acknowledges that a party cannot breach the obligation of good faith and fair dealing by exercising their valid and binding contractual rights, and he instead focuses on the dishonesty method of breaching the implied covenant of good faith and fair dealing. Docena relies heavily on the *Enomoto* case, in which a prospective space tourist brought action against the company he had contracted with to facilitate his space flight. In *Enomoto*, the space tourist made several large payments toward his space flight, but despite passing two medical clearance boards the company told him his space flight had been cancelled because he was medically unfit. *Enomoto*, 624 F.Supp.2d at 448-49. The space tourist's health was no different at disqualification than it had been either time he was medically cleared, and the company refused to provide him with medical records regarding his disqualification despite his repeated requests. *Id.*

The court found that the space tourist's claim was properly pled because he alleged not unfavorable actions, but dishonest ones. *Id*. at 450. However, the facts supporting the space tourist's claims are substantially different than the ones at issue here. In *Enomoto*, the tourist alleged that the company had specifically lied to him. Here, Docena does not allege that Navy

Federal lied to him about anything. He only alleges that they should not have accepted his money because they knew or should have known that he was likely ineligible for Payment Protection benefits, even though his potential ineligibility was explained in the Agreement they gave him. Therefore, Navy Federal's actions are not "dishonest" as in *Enomoto* because the express grounds of qualification were clear and unambiguous at all times. Therefore, the implied covenant of good faith and fair dealing is not violated.

Next, a "party cannot breach the covenant of good faith and fair dealing before a contract is formed. *Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957, 964 (D. Nev. 2012). (citing *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc*., 157 F.3d 933, 941 (2d Cir.1998) ("[A]n implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct.")).

Docena contends that his claims stem from post-contractual dishonesty in the administration of the plan. However, the implied covenant of good faith and fair dealing does not compel a party to take affirmative actions that the party is not obligated to take under the terms of the contract. *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 182 (4th Cir.2000). Instead, the duty simply bars a party from "acting in such a manner as to prevent the other party from performing his obligations under the contract." *Id*. at 183. The covenant of good faith and fair dealing "cannot be construed to establish new and independent rights or duties not agreed upon by the parties." *De Vera v. Bank of Am., N.A*., No. 2:12CV17, 2012 WL 2400627, at *3 (E.D. Va. June 25, 2012) (quoting *Knudsen v. Countrywide Home Loans, Inc*., No. 2:11–CV–429, 2011 WL 3236000, at *3 (D. Utah July 26, 2011)). An implied duty under a contract is simply a manifestation of conditions inherent in expressed promises. *E. Shore Markets*, 213 F.3d at 182. The implied covenant cannot "rewrite[e] an unambiguous contract in order to create terms that do not otherwise exist." *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 WL 383590 (E.D. Va. Jan.13, 2012) *report and recommendation adopted*, *McInnis v. BAC Home Loan Servicing, LP,* 2:11CV468, 2012 WL 368282 (E.D. Va. Feb.3, 2012).

Here, Docena contends that he is simply asking for compensation, but it is clear from his complaint that he is asking Navy Federal to take on different and additional obligations. He

6

takes issue with the restrictiveness and opacity of the terms of the contract, and he claims Navy Federal had a duty to prescreen customers, explain the contract to them, and stop accepting payments from those currently ineligible for certain benefits.  Docena's claim is not about the conditions inherent in Navy Federal's expressed promise; it's about Docena's subjective expectations.  Docena is alleging a host of duties that Navy Federal simply did not owe him. Therefore, there is no valid claim for breach of the implied covenant of good faith and fair dealing.

### C. Docena's Claim for Violations of the Nevada DTPA

Docena also alleges that Navy Federal's actions constitute an unfair trade practice under Nevada's DPTA.  Nevada Revised Statutes section 41.600 provides, "An action may be brought by any person who is a victim of consumer fraud.  As used in this section, 'consumer fraud' means: ... A deceptive trade practice as defined in NRS 598.0915 to NRS 598.0925...."  Docena claims a violation because Navy Federal failed to "disclose a material fact in connection with the sale or lease of goods or services."  Nev. Rev. Stat. Ann. § 598.0923(2).  To establish a violation of the DPTA, the plaintiff must demonstrate that (1) an act of consumer fraud by the defendant (2) caused (3) damages to the plaintiff.  *Picus v. Wal–Mart Stores, Inc.*, 256 F.R.D. 651, 657–58 (D.Nev.2009) (noting Nevada Supreme Court has not specified the elements of a DPTA claim and predicting how the court would rule).

Navy Federal argues that Docena's claim fails on several grounds: that he cannot plead consumer fraud, that the claim is time barred, and that it is preempted.

Even without reaching the question of whether the heightened pleading standard of Rule 9(b) applies, Docena cannot adequately plead consumer fraud.  Docena states that his claim is based on Navy Federal's failure to disclose material facts, namely that exceptions like the actively working requirement apply to the involuntary unemployment activation event. However, these facts are clearly stated in the Agreement, and they are quoted and cited to many times by the plaintiff.  The Agreement clearly states that involuntary unemployment means "You involuntarily lost Your Full-Time Employment," that Full-Time Employment means "you are Actively at Work for Income twenty-five (25) hours or more per week," and that Actively at

1  Work means "actively working and actually performing Your job duties and not off work due to
2  a leave of absence; layoff; furlough; routine or seasonal work interruption; or any other reason."
3  Doc. 1 Ex. 1. These terms are on the first page of a two page document, in the same font size as
4  everything else in the document. *Id.* Terms are labeled in bold and defined in a section clearly
5  labeled "Definitions." *Id.* Words with specific definitions are capitalized throughout the
6  document to denote that they are described in the definitions section. *Id.* All of the things
7  Docena alleges Navy Federal failed to disclose are, in fact, disclosed. The fact that Docena did
8  not read them or did not understand them is immaterial. *Freeman v. Time, Inc*., 68 F.3d 285, 289
9  (9th Cir. 1995) (upholding a motion to dismiss because a reasonable consumer would have been
10 put on notice "simply by doing sufficient reading"); *Gage v. Phillips*, 26 P. 60, 61–62, 21 Nev.
11 150 (Nev.1891) ("The mere statement of the defendant 'that she did not know what she was
12 signing, when she signed the bill of sale' is no excuse in law"); *In re Schwalb*, 347 B.R. 726, 743
13 (Bankr. D. Nev. 2006) ("It has long been the common law rule that signing a document
14 authenticates and adopts the words it contains, even if there was a lack of subjective
15 understanding of the words or their legal effect. In essence, people are presumed to be bound by
16 what they sign."). Because the facts Docena alleges Navy Federal failed to disclose were, in
17 fact, disclosed in the Agreement, he cannot make a claim for violations of Nevada's DTPA.

18 Further, because Docena cannot state a legally valid claim for violations of Nevada's
19 DTPA, it is unnecessary to address Navy Federal's arguments regarding federal preemption and
20 the time bar.[2]

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

[2] It is also unnecessary to address Navy Federal's request for judicial notice because the documents in question are not necessary to this decision.

8

**IV. Conclusion**

IT IS THEREFORE ORDERED that Navy Federal's Motion to Dismiss (Doc. #12) is GRANTED.

IT IS FURTHER ORDERED that Navy Federal's Request for Judicial Notice (Doc. #12) is DENIED as moot.

IT IS SO ORDERED.

DATED this 4th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE